■ JULIO C.W. STAJANO et al., Appellants, v UNITED TECHNOLOGIES CORPORATION et al., Respondents. [774 NYS2d 490]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about October 22, 2002, which, in granting defendants leave to amend their answers, nunc pro tunc, to include government-contractor defenses, further granted defendants' motion for summary judgment dismissing the action in its entirety, and denied, as academic, all pending motions and cross motions, and order, same court and Justice, entered March 13, 2003, which, to the extent appealable, denied plaintiffs' motion for renewal, unanimously affirmed, without costs. Appeal from order, same court and Justice, dated August 22, 2002, which denied, with leave to renew, plaintiffs' motion for an order granting open commissions to depose defendants' former employees, and failed to dispose of defendants' cross motion to strike extraneous matter from the record, and their motion to amend and for summary judgment, unanimously dismissed, without costs.

A prior motion for summary judgment was premature, given

that disclosure had not yet been completed (*see* 273 AD2d 162 [2000]). Having now obtained the materials necessary to resolve previously open questions of fact, defendants' motion for summary judgment, based on a more detailed government-contractor defense, was appropriate.

Plaintiffs were not prejudiced by the grant of leave for defendants to amend their answer, inasmuch as the former has been on notice, for more than 10 years, that leave was previously granted to assert a more particularized affirmative defense on whether the helicopters in question conformed to government specifications and whether modification or alterations had been made in the systems employed. The newly amended affirmative defenses satisfied the three-pronged test of government approval of reasonably precise specifications, conformity to those specifications, and a warning to the government about dangers known to the contractor in the use of the equipment (*Boyle v United Tech. Corp.*, 487 US 500, 512 [1988]). Summary judgment was thus properly granted.

We have considered plaintiffs' remaining contentions and find them to be without merit. Concur—Buckley, P.J., Tom, Andrias and Gonzalez, JJ.